**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40158
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS

JOHN KIMBLE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Eastern District of Texas
(4:95 CR 50 3)
_____
July 31, 1995


Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


John Kimble appeals his conviction of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine, in violation of, respectively 21 U.S.C. §§ 846 and 841(a)(1). Finding no error, we affirm.

---

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

## I.

In late March 1994, Detective Paul Cogwell began working undercover to infiltrate known drug locations and to contact known drug dealers. He met various members of the Pippens/Kimble family who lived at 1501 Frances Street in Plano, Texas. Cogwell purchased crack cocaine from Terry Pippens, Anthony Ford, and Lavada Pippens at the house.

In late April 1994, Cogwell first saw John Kimble at the house, saw Kimble making contact with cars that pulled up to the house, and believed Kimble was selling narcotics. When Cogwell pulled up to the house, Kimble approached the car and told Cogwell in the future to contact him directly to purchase the crack cocaine. Between May and August, Cogwell purchased crack cocaine from Kimble on a number of occasions. Following a jury trial, Kimble was convicted.

## II.

### A.

Kimble argues that the district court improperly refused to give his requested jury instruction on entrapment. The trial judge has substantial latitude in formulating the jury charge, and we review the refusal to give a requested jury instruction for abuse of discretion. United States v. Aggarwal, 17 F.3d 737, 745 (5th Cir. 1994). We reverse only if the requested instruction "(1) is substantially correct; (2) was not substantially covered in the charge actually given; and (3) concerns an important point such

2

that failure to give it seriously impaired the defendant's ability to effectively present a given defense." Id. Thus, we reverse only if the defendant was improperly denied an opportunity to convey his case to the jury. United States v. Hudson, 982 F.2d 160, 162 (5th Cir.), cert. denied, 114 S. Ct. 100 (1993).

The mere assertion of the defense of entrapment does not require an entrapment jury instruction. United States v. Menesses, 962 F.2d 420, 429 (5th Cir. 1992). If the defendant fails to demonstrate the existence of even a scintilla of evidence that government agents entrapped him into committing an offense he was not otherwise predisposed to commit, he has failed to make the required prima facie showing and is not entitled to an entrapment instruction. Id. "To determine whether entrapment has been established, a line must be drawn between the trap for the unwary innocent and the trap for the unwary criminal." Id. at 430 (internal quotations and citation omitted).

Although Kimble did not testify at trial, he argues that he made the prima facie showing because on cross-examination he elicited testimony from Cogwell that Cogwell had driven Kimble to known drug locations to purchase crack cocaine that Kimble then sold to Cogwell. "The first step to a successful entrapment defense is to make a prima facie showing that government conduct created a substantial risk that an offense would be committed by a person other than one ready to commit it." Hudson, 982 F.2d at 162 (internal quotation and citation omitted).

Cogwell admitted driving Kimble to areas where Kimble could

purchase cocaine. Cogwell also testified, however, that, before he met Kimble, he had seen Kimble selling crack cocaine at the Frances Street house and that Kimble later told Cogwell to contact him directly when he needed crack; that he had purchased crack cocaine from Kimble as early as May 4; and that Kimble asked Cogwell to drive him to purchase more crack cocaine on May 5, but Cogwell refused, and Kimble purchased the crack from another source. Codefendants Raymond Jenkins and Kevin Donehue also testified that they had seen Kimble selling crack. Jenkins admitting being Kimble's source for a short period and providing Kimble with crack that Kimble sold to Cogwell. Kimble failed to make a prima facie showing, so the district court did not abuse its discretion by refusing to give an entrapment instruction.

B.

Kimble also argues that the district court abused its discretion by refusing to give an outrageous government conduct jury instruction. To establish the defense of outrageous government conduct, the defendant must demonstrate that he was not an active participant in the criminal activity and that the government was overinvolved in the charged crime. United States v. Smith, 7 F.3d 1164, 1168 (5th Cir. 1993). A claim of outrageous government conduct is a question of law, not fact, and therefore the district court did not abuse its discretion by refusing to give the requested jury instruction. Hudson, 982 F.2d at 163.

AFFIRMED.

4